```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - -x

In re:                             :

ALICIA MARIE CURTIS                :    BK No. 06-10929
          Debtor                        Chapter 7

- - - - - - - - - - - - - - - - -x
```

## DECISION DENYING DOCUMENT PREPARER'S APPLICATION FOR COMPENSATION, AND ORDER TO DISGORGE

APPEARANCES:

    Leonard DePasquale, Esq., AUST
    Office of the United States Trustee
    10 Dorrance Street, Room 910
    Providence, Rhode Island 02903

    Andrew S. Richardson, Esq.
    Chapter 7 Trustee
    BOYAJIAN, HARRINGTON & RICHARDSON
    182 Waterman Street
    Providence, Rhode Island 02906

    Geralyn M. Cook, Esq.
    Attorney for "We The People"
    505 Tiogue Avenue
    Coventry, Rhode Island 02816

    Karen LaBrosse, Pro Se
    Bankruptcy Petition Preparer
    298 Atwells Avenue
    Providence, Rhode Island 02903

    Alicia Marie Curtis, Pro Se Debtor
    536 High Street No. 1
    Cumberland, Rhode Island 02864

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 06-10929

Heard on the application of Karen LaBrosse requesting a fee of $299 for assisting the Debtor in preparing and filing her Chapter 7 bankruptcy case.  The United States Trustee objects to the allowance of any fee on the following grounds: (1) the fee application fails to comply with R.I. Local Bankr. R. 2016-1 – specifically the lack of time records and failure to disclose that We The People Forms & Service Centers USA, Inc. ("We The People") also assisted in preparing Curtis's petition; (2) LaBrosse engaged in the unauthorized practice of law; and (3) the fee application incorrectly named LaBrosee as the only applicant.[1]

LaBrosse maintains that because she charges a flat fee of $299 including expenses, no contemporaneous time records are required, and she denies giving Curtis legal advice, but concedes that she failed to disclose in her application that We The People also assisted in preparing Curtis's petition and schedules.  She blames Jason Sterns[2] for that omission, saying that he actually prepared the fee application, and asserts that "she trusted him blindly."

Based on the entire record and the relevant law in this and in neighboring jurisdictions, the application is DENIED, and LaBrosse

---

[1] Counsel for We The People, Geralyn M. Cook, conceded this point.

[2] Jason Sterns, Esq., is General Counsel for We The People.

1

Case 1:06-bk-10929    Doc 23    Filed 08/24/07    Entered 08/24/07 15:02:46    Desc Main
                            Document      Page 3 of 10

BK No. 06-10929

and We The People, jointly and severally are ORDERED to disgorge and return to Curtis all fees collected in this matter.

## BACKGROUND

LaBrosse is an independent franchisee of We The People,[3] operating under the name JAROSA, Inc.,[4] and working in conjunction with We The People in the preparation of pro se bankruptcy petitions. She meets with clients, supplies them with a bankruptcy packet,[5] and then transmits the client's handwritten paperwork to We The People, "for processing." "Processing" consists of typing the petitions and returning the finished product to LaBrosse for execution by the client.

On July 24, 2006, in response to We The People advertising, Alicia Curtis met with LaBrosse for assistance in completing a bankruptcy petition. LaBrosse testified that she followed We The People standard protocol during her meetings with Curtis, which included explaining that she (LaBrosse) was not an attorney, and

---

[3] We The People is a national document preparation center, advertising that it assists individuals to prepare legal documents at low cost. See www.wethepeopleusa.com.

[4] JAROSA, Inc. does business as We The People of Rhode Island.

[5] The packet includes a textbook, worksheets, disclosures, and other general bankruptcy information gathered from the internet. See U.S. Trustee's Ex. Nos. 1, 2, 4, and LaBrosse's Ex. Nos. B, C, and D.

BK No. 06-10929

that any questions Curtis had relating to her petition would easily be answered by referring to the textbook[6] provided.

On September 5, 2006, Curtis filed a pro se Chapter 7 case, together with a Statement of Assistance of Non-Attorney, identifying We The People as the entity which assisted her in preparing the petition. *See* Doc. No. 1, Bankruptcy Petition. The petition also includes a Rule 2016(b) Disclosure of Compensation which stated that Curtis personally paid LaBrosse $299 for her services. *Id.* On September 8, 2006, LaBrosse filed her fee application with the Court, listing only herself as sole petition preparer.

## **DISCUSSION**

Bankruptcy petition preparers are regulated by 11 U.S.C. § 110. Section 110(a)(1) states that a bankruptcy petition preparer is "a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing," and that a document for filing is "a petition or any other document in a United States bankruptcy court or a United States district court in connection with a case under this title." 11 U.S.C. § 110(a)(2). Of the many restrictions imposed by § 110 on petition preparers, § 110(e)(2) and (c) are the most relevant here. Section 110(e)(2)

---

[6] The textbook is a "Do-It-Yourself" guide to Bankruptcy, published and supplied by We The People.

3

prohibits petition preparers from engaging in the practice of law, and § 110(c) requires the disclosure of all individuals who assisted the debtor in the document preparation process.  See § 110(e)(2)[7] and (c).[8]

In this District, R.I. Local Bankr. R. 2017-1 and Appendix IV require petition preparers to file an application for compensation when the fee charged exceeds $150.  The application must also comply with R.I. Local Bankr. R. 2016-1 which requires the applicant to:

> [I]dentify the time period or periods during which services were rendered; describe specific services performed . . . by each person; include a brief narrative description of services performed and a summary of hours by professionals and other personnel; include a brief

---

[7] § 110(e)(2)(A) states in part: "A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice."

[8] § 110(c)(1) states:
A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document.
   (2)(A) Subject to Subparagraph (B), for purposes of this section, the identifying number of a bankruptcy petition preparer shall be the Social Security account number of each individual who prepared the document or assisted in its preparation.
   (B)  If a bankruptcy petition preparer is not an individual, the identifying number of the bankruptcy petition preparer shall be the Social Security account number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.

BK No. 06-10929

>    biography of each person . . . should demonstrate [the]
>    hourly rate charged for each professional is reasonable.

R.I. Local Bankr. R. 2016-1(a).

This Court considers $150 as reasonable compensation for a petition preparer's work in garden variety cases, *In re Pavils,* 264 B.R. 57 (Bankr. D.R.I. 2001), and other courts in this Circuit seem to agree.[9]

Maine, for example, requires petition preparers to limit their charges for expenses for items such as mileage, telephone, and copy charges, *see M.E. Local Bankr. R. 2016-1(5)(I)*, and in his *Consolidated Memorandum Regarding Bankruptcy Petition Preparers*, Judge Haines declined to adopt a hard rule, saying he would examine the issue on a case by case basis, and made clear that petition preparers must present itemized statements of services to support requests similar to those required of attorneys to support their fee requests. 1997 WL 615657, *1, *3 (Bankr. D. Me. 1997); *Hobbs v. Ireland (In re Hobbs)*, 213 B.R. 207, 216 (Bankr. D. Me. 1997). In Massachusetts, Judge Hillman in *Bonarrigo v. Marshall*, held that reasonable compensation for bankruptcy petition preparers is $20

---

[9] LaBrosse and counsel for We The People, Geralyn M. Cook, maintained, without citation or *any* authoritative source, that the District of Connecticut permits document preparers to charge a flat fee of $299. Because our research failed to confirm that Connecticut, or any other District, allows a $299 flat fee for document preparation, the applicant's representations are treated at best, as careless.

5

BK No. 06-10929

per hour since, by statute, they may perform only limited basic services.  *In re Bonarrigo,* 282 B.R. 101, 107 (Bankr. D. Mass. 2002); *see also Hartman v. Marshall (In re Hartman)*, 208 B.R. 768, 780 (Bankr. D. Mass. 1997).  In New Hampshire, Judges Vaughn and Deasy, in a consolidated opinion, held that a fee of up to $150 is allowed without a fee application, which translates into $20 per hour for the professional and $10 per hour for overhead, for a maximum of 5 hours.  *In re Moran*, 256 B.R. 842, 849 (Bankr. D.N.H. 2000); *see also*, *In re Brewer*, 2001 WL 1757052, *1 (Bankr. D.N.H. 2001) (upheld maximum of $150 fee in *Moran*).

LaBrosse has not provided contemporaneous time records, and counsel for We The People explains that none are needed because LaBrosse is only a "go-between," and that her services are equal to that of a typing service - "just like a regular pro se coming in on their own."  The UST argues that without contemporaneous time records, as required under R.I. Local Bankr. R. 2016-1, the Court is unable to determine the reasonableness of *any* fee request.  The UST also points out that the requested fee is excessive, for an ordinary, no asset Chapter 7 case with only $5,000 in unsecured debt.  LaBrosse's reason/excuses for not providing contemporaneous time records are incomprehensible and unpersuasive.  The application has other shortcomings.  We The People is not even mentioned, and there is no disclosure that 25% of the fee would go

6

BK No. 06-10929

to We The People. Both of these omissions are clearly at odds with the requirements of 11 U.S.C. § 110(c), Fed. R. Bankr. P. 2016(a),[10] and R.I. Local Bankr. R. 2016-1(a). $299 for five hours of services[11] produces an hourly rate of $60 – well in excess of what is currently allowed, here and elsewhere. *See In re Pavils*, 264 B.R. at 59; *In re Bonarrigo*, 282 B.R. at 107; *In re Brewer,* 2001 WL 1757052 at *2.

LaBrosse states in the application that the $299 includes "procurement and review of the debtor's credit report." *See* Doc. No. 15, p. 1, ¶3. On cross examination LaBrosse admitted that she neither obtained or reviewed the Debtor's credit report, and when confronted with the discrepancy, she lays the blame on Jason Sterns who she says prepared the fee application, then suggests that she did not comprehend the meaning of the term "procurement," and that should negate any fault on her part. Her signature is on the

---

[10] Federal Rule of Bankruptcy Procedure 2016(a) states in part: An application for compensation shall include a statement as to what payments have theretofore been made or promised to the applicant for services rendered . . . whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicant or any other entity for the sharing of compensation received or to be received . . . and the particulars of any sharing of compensation or agreement or understanding thereof . . ..

[11] LaBrosse does not refute Curtis's testimony that the total time they spent together was less than 1.5 hours. This translates to a rate of about $199 per hour.

7

BK No. 06-10929

document, she is responsible for the content, and her excuses are given no weight.

While not squarely before the Court today, there is also a question whether LaBrosse engaged in the unauthorized practice of law by advising Curtis to file under Chapter 7, and by completing her exemption selection.  Curtis testified that during their first meeting, LaBrosse told her that she only prepared Chapter 7 petitions, and Curtis understood that to mean that Chapter 7 was her only option.  Curtis also testified that she left the exemption part of her workbook blank because she did not understand what information was necessary to complete that section.  Curtis explained that during their second meeting, LaBrosse selected the Rhode Island state exemptions for her, and that LaBrosse completed that portion of the workbook.  LaBrosse testified, unconvincingly, that she only reviewed the paperwork, checking for clarity and accuracy, and that while the information may have been in her handwriting, she assured the Court that the answers all came from Curtis.

LaBrosse's testimony and fee application are contradictory and unreliable, and clearly show that both she and We The People are operating outside the parameters set by Sections 110(c) and (e)(2), and R.I. LBR 2016-1, and that the services rendered by her and We The People provided the Debtor with little or no benefit.  Because

8

BK No. 06-10929

of the excessive fees, the substandard services rendered, the multiple inconsistencies, omissions, and outright misrepresentations of the respondents, the Application of Karen LaBrosee is DENIED, and LaBrosse and We The People are ORDERED jointly and severally, pursuant to Section 110(h)(3)(B),[12] to disgorge $299 to the Debtor within ten business days.

Enter judgment consistent with this Order.

Dated at Providence, Rhode Island, this    24th    day of August, 2007.

_____
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 8/24/2007

---

[12] Section 110(h)(3)(B) states:
All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b),(c),(d),(e),(f), or (g).

9